UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Richard Bush,<br><br>          Plaintiff,<br>v.<br><br>Diversified Adjustment Service, Inc.;<br>and DOES 1-10, inclusive,<br><br>          Defendants. | Civil Action No.: _____<br><br><br>COMPLAINT<br><br><br>April 18, 2011 |

For this Complaint, the Plaintiff, Richard Bush, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Richard Bush ("Plaintiff"), is an adult individual residing in Wallingford, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Diversified Adjustment Service, Inc. ("Diversified"), is a Minnesota business entity with an address of 600 Coon Rapids Boulevard, Coon Rapids, Minnesota 55434, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") to Connecticut Light & Power (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>Diversified Engages in Harassment and Abusive Tactics</u>

12. After having received a 30-Day Validation Letter from Defendants Plaintiff disputed the Debt by means of a written correspondence.

13. Defendants called Plaintiff and suggested that Plaintiff pay the Debt.

14. Plaintiff reiterated that he disputed the ownership of the Debt.

15. Defendants stated that Diversified did not have an obligation to verify the Debt or provide Plaintiff with any documentation related to the Debt.

16. Defendants threatened to ruin Plaintiff's credit rating if he did not pay in full by April 13, 2011.

17. Kathy, an individual collector for Diversified, was rude when speaking with Plaintiff and stated: "If you were the type of person that paid the bills we wouldn't be having this conversation. You need to learn to pay your bills. By the way, it's already on your credit report."

C. <u>Plaintiff Suffered Actual Damages</u>

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

<u>COUNT I</u>

<u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.</u>

20. The Plaintiff incorporates by reference all of the above paragraphs of

this Complaint as though fully stated herein.

21.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

22.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

23.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

27.     The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

28.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

## COMMON LAW FRAUD

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Connecticut.

31. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 18, 2011

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237
Attorney for Plaintiff